UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TERRAL RIVERSERVICE INC.** | * | **CIVIL ACTION NO.  15-2713** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **SALACIA LOGISTICS L L C** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On July 27, 2016, counsel for Defendant, Salacia Logistics, LLC, withdrew from the case. [doc. #23]. At that time, the court afforded Defendant thirty days to enroll new counsel. *Id*. More than thirty days elapsed without any response from Defendant. On September 6, 2016, the undersigned ordered Defendant to show cause on or before September 20, 2016, why its answer [doc. #5] should not be STRICKEN for failing to comply with an order of this court. [doc. #25]. Defendant, again, has not filed a response. Both the order affording Defendant thirty days to enroll new counsel, and the order to show cause, were mailed to Defendant's address on file. Both orders were returned as undeliverable. [docs. #24, #26]. Defendant never informed the court of an address change. Accordingly, for reasons set forth below, the undersigned recommends that the answer filed by Defendant, Salacia Logistics, LLC, be STRICKEN.

## Law and Analysis

Local Rule 11 obligates all parties to promptly notify the court of any address change. LR 11.1(A).[1]  Defendant, Salacia Logistics, LLC ("Salacia"), has failed to comply with this

---

[1] *See King v. Allegiance Mgmt., LLC*, No. A-09-CA-317 LY, 2010 WL 2245062, *2 (W.D. Tex. June 4, 2010) (citing *Shannon v. State of La.*, No. 87-3951, 1988 WL 54768 (E.D. La. May 23, 1988) ("The orderly and expeditious disposition of cases requires that if a litigant's

requirement. Due to its inability to receive court notices, Salacia also failed to comply with a court order to enroll counsel.[2]

Although the Federal Rules of Civil Procedure do not address the ramifications for a party who fails to provide the court with updated contact information, they do contemplate remedies for the ancillary effects of the omission which result, as here, in a party failing to comply with a court order:

> **(f) Sanctions.**
>
>> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>>
>>> **(A)** fails to appear at a scheduling or other pretrial conference;
>>>
>>> **(B)** is substantially unprepared to participate–or does not participate in good faith–in the conference; or
>>>
>>> **(C)** fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1).[3] For failure to obey a scheduling or pretrial order, Rule 37(b)(2) permits the court, *inter alia*, to strike pleadings and render a default judgment. FED. R. CIV. P. 37(b)(2)(A)(iii) & (vi); *see also Plasticsource Workers Comm. v. Coburn*, 283 Fed.Appx. 181, 184 (5th Cir. 2008) ("Rule 37(b) authorizes the district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order.").

---

address changes, he has a duty to inform the court of the change.").

[2] Fictional legal persons such as corporations and partnerships cannot appear for themselves personally, and instead, must be represented by counsel. *Sw. Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 56 (5th Cir. 1982).

[3] The court's order to enroll new counsel is akin to a scheduling or pretrial order because it is intended to facilitate the orderly and timely progression of the case. *See supra* note 1.

Salacia has ignored the court's directive that it enroll counsel and has failed to promptly notify the court of its mailing address change. Salacia's failure to comply with the order to enroll new counsel was caused by its failure to maintain current contact information with the court. The court has twice attempted to contact the Defendant through a provided email address, salacialogistics@gmail.com. The Defendant has never responded, and has not otherwise communicated with the court or inquired as to the status of the case. Default is not warranted at this time because Defendant has only been absent from the case since July 27, 2016, when its counsel withdrew. However, striking Defendant's answer will afford it one more opportunity to demonstrate its willingness and ability to comply with court orders while leaving it vulnerable to plaintiff-initiated default proceedings if it otherwise does nothing.[4] *See* FED. R. CIV. P. 55.

Accordingly, the answer [doc. #5] filed by Defendant Salacia should be STRICKEN. *See* FED. R. CIV. P. 37(b)(2)(A)(iii). Barring any effort by Defendant within the next fourteen days to appeal this order or to seek reconsideration by demonstrating its present ability and willingness to comply with previously issued court orders, Plaintiff shall be at liberty to commence default proceedings against Defendant, which shall be initiated no later than thirty days from the date of this order. Plaintiff's failure to timely initiate default proceedings may result in dismissal of its case for failure to prosecute. LR 41.3

**Conclusion**

**IT IS RECOMMENDED** that the answer [doc. #5] filed by Defendant, Salacia Logistics, LLC, be **STRICKEN** from the record.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the

---

[4] *See King*, 2010 WL 2245062, *2 (striking defendant's answer for failing to provide the court with his correct address).

parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 23rd day of September 2016.

                                             _____
                                             KAREN L. HAYES
                                             UNITED STATES MAGISTRATE JUDGE